```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PETTENATI CENTRO AMERICAS, S.A. DE C.V.,

                                    Plaintiff,

            -against-

CANNON COUNTY KNITTING MILLS INC.,

                                    Defendant.
----------------------------------------------------------------------X
```

For Online Publication Only

**ORDER**

19-CV-2513 (JMA) (GRB)

FILED
CLERK

8/12/2019 4:12 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is plaintiff's motion for default judgment against defendant Cannon County Knitting Mills Inc. to recover $482,757.56 due for failure to pay for goods delivered pursuant to a contract, plus prejudgment interest. For the reasons stated herein, plaintiff's motion is GRANTED, and plaintiff is awarded a default judgment against the defendant in the amount of $503,106.56.

## I.  DISCUSSION

### A.  Defendant Defaulted

The defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B.  Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under New York law.

C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions, including the invoices and explanatory table in Exhibits 2-3 to the complaint, (ECF No. 1), as well the Affirmation in Support of the Motion for Default Judgment and accompanying exhibits, (ECF No. 17-1.), establish its damages in the amount of $482,757.56 to a reasonable certainty.

Plaintiff also claims it is entitled to prejudgment interest at a rate of nine percent (9%) per annum. Under New York law, prejudgment interest of nine percent (9%) per annum is recoverable "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also N.Y. C.P.L.R. § 5004. Such "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). Here, that is when the defendant breached the contract by failing to pay the amount owed. See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("A cause of action for breach of contract ordinarily accrues . . . upon breach."). Plaintiff asks the Court to calculate interest from February 19, 2019, the date for which the latest invoice became due for payment. The Court awards Plaintiff $20,706.00 in prejudgment interest, calculated at a daily rate of $119.00 from February 19, 2019, through the date of this Order.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant as follows: Defendant Cannon County Knitting Mills Inc. is liable to plaintiff Pettenati Centro Americas S.A. de C.V. for $482,757.56 in damages, together with $20,706.00 in prejudgment interest for a total award of $503,463.56. Post judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: August 12, 2019
Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　/s/   (JMA)
　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE